IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES EDWARDS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| VS. | : NO. 5:23-CV-00159-MTT-MSH |
| | : |
| **WILSON,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

### **ORDER**

Presently pending before the Court are the claims of *pro se* Plaintiff James Edwards, an inmate in the Baldwin State Prison in Hardwick, Georgia. On June 28, 2023, Plaintiff was ordered to pay an initial partial filing fee of $8.05 or submit a renewed motion for leave to proceed *in forma pauperis* showing his present inability to pay that fee. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order, June 28, 2023, ECF No. 6.

The time for compliance passed, and Plaintiff did not pay the initial partial filing fee as ordered. Plaintiff did, however, submit a copy of his prison trust fund account statement, but the statement reflected that he had a current spendable balance of $43.16 in his account and did not explain why he could not pay the fee. Plaintiff was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was also instructed to comply with the Court's previous

orders and instructions requiring payment of the initial partial filing fee if he wished to proceed with his case. Plaintiff was again given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, July 27, 2023, ECF No. 8.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. For this reason, and because it does not appear that the statute of limitations would bar Plaintiff's claims if he acts promptly to refile them, Plaintiff's Complaint is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 28th day of August 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.