# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES EDWARDS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | NO. 5:23-CV-00159-MTT-MSH |
| : | |
| **WILSON,** *et al.***,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

Presently pending before the Court is a motion filed by *pro se* Plaintiff James Edwards, that appears to be a response to the Court's July 27, 2023 Show Cause Order and a motion for an extension of time to pay the required initial partial filing fee (ECF No. 11). This motion was signed on September 6, 2023 and is deemed to be filed on that date. Mot. Ext. Time 2, ECF No. 11.[1]  This case, however, was closed on August 29, 2023, when the Court dismissed Plaintiff's Complaint for failing to respond to the July 27th Order and pay the initial partial filing fee. *See generally* Order, Aug. 28, 2023, ECF No. 9; Judgment, Aug. 29, 2023, ECF No. 10.

---

[1] Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).  Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

In light of the Court's duty to liberally construe *pro se* pleadings, and because final judgment has been entered, the Court will construe Plaintiff's motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" for reasons including the creation of "a better correspondence between the substance of a *pro se* motion and its underlying legal basis" and the avoidance of "an inappropriately stringent application of formal labeling requirements"). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Such motions cannot be used "'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

In this case, Plaintiff explains that he has not yet paid the initial partial filing fee because "nothing is handled in a timely manner . . . due to lack of staff" at Baldwin State Prison. Mot. Ext. 1, ECF No. 11. He states that the mail room is understaffed, which causes mail delays, and he was also "blinded to the remedies of making payments from my account." *Id.* While the Court is sympathetic to the difficulties inherent in litigating a case while incarcerated, the Court also observes that Plaintiff had two months from the time he was first ordered to pay an initial partial filing fee until the time this case was dismissed. It is also evident that the mailroom staff was timely processing outgoing mail: Plaintiff's

motion was mailed from the prison the same day he signed it.  Mot. Ext. 2, ECF No. 11; Attach. 1 to Mot. Ext. 1, ECF No. 11-1.  Plaintiff's account certification form was likewise signed by prison officials on June 15, 2023 and postmarked on June 16, 2023.  Mot. Proceed IFP 4, ECF No. 5; Attach. 1 to Mot. Proceed IFP 1, ECF No. 5-1.  This undermines Plaintiff's contention that understaffing caused the delay in this case, particularly given that Plaintiff did not allege any specific facts concerning the alleged mail delays he and other inmates have experienced at Baldwin or describe any of the efforts he made to have prison officials comply with his requests for assistance in this matter.  Finally, Plaintiff's Complaint was dismissed without prejudice, and the statute of limitations would not bar his claims if he acts promptly to refile them.

      For these reasons, the Court finds Plaintiff has not alleged that there has been a manifest error in this case that warrants relief pursuant to Rule 59.  Plaintiff's motion (ECF No. 11) is accordingly **DENIED**.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's standard forms for filing a claim under 42 U.S.C. § 1983 that he may use if he decides to refile his case.

      **SO ORDERED** this 28th day of May, 2024.

                            S/ Marc. T. Treadwell
                            MARC T. TREADWELL, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT